IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MIKKO T. SEKIYA,

        Plaintiff,

v.                                                        No. 17cv958 JCH/SCY

MIKE ROGERS,
NDA/FBI/FISA,
MARK ZUCKERBERG, and
FACEBOOK,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*,
## DISMISSING THE COMPLAINT WITHOUT PREJUDICE
## AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 14, 2017 ("Application") and on Plaintiff's Complaint, Doc. 1, filed September 14, 2017.[1] For the reasons stated below, the Court will **GRANT** Plaintiff's Application and **DISMISS** Plaintiff's Complaint **without prejudice**. Plaintiff shall have 14 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice. Plaintiff shall, within 14 days of entry of this Order, show cause why the Court should not impose filing restrictions.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who

---

[1] The Clerk's Office called Plaintiff and left three detailed messages informing Plaintiff that the Complaint is missing the first page and that Plaintiff needs to provide the Court with the first page. Plaintiff has not responded.

submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff is unemployed; (ii) Plaintiff's average monthly income is $0.00; (iii) Plaintiff's monthly expenses total $0.00; and (iv) Plaintiff owns no assets. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he is unemployed and has no income.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such

relief." *See* 28 U.S.C. § 1915(e)(2). "[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

> Plaintiff alleges the following facts:
>
> [Mike Rogers] is fully knowledgeabale of the so called investigation that is taking place.
> . . . .
> I Mikko T. Sekiya a United States Citizen has been having a 3 yr long harrassing by the FBI/NSA throught the FISA Agency   I have become what they call a FISA 702 as an American I cannot become a FISA 702.   I have asked a number of times for this to stop   Mark Zuckerberg/Facebook has been going along with this unethical way of investigation that is being conducted.
> . . . .
> privacy act my 3rd 4th amendment has been violated for the past 3 years.
> . . . .
> Mike Rogers NSA is the one who requests these types of investigation to happen through the FISA agency.
> . . . .
> A physical in the human body wire tap with out my concent has been done during a surgical proceedure.   Am going to be asking for a court oder subpoena for an exray to be done on I Mikko T. Sekiyas Facial Structure/nasal cavity skull
> . . . .
> being herd by numerous entitys wich makes any thing I say or do be used against me throughout my community.   The constint harrasment by local judicial courts prolonging cases.   violating my Due process rights.

[sic] Complaint at 1-4.

The Court will dismiss the Complaint without prejudice for failure to state a claim on which relief may be granted.   "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).   Plaintiff's allegations do not state with particularity what each Defendant did to him,

3

how their actions harmed him and what specific right he believes Defendants violated.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations").

Plaintiff shall have 14 days from entry of this Order to file an amended complaint.  Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. The Court will order service if Plaintiff timely files an amended complaint which states a claim over which the Court has jurisdiction, and which includes the address of every defendant named in the amended complaint.

**Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is

4

no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Litigant's Abusive History**

This is the fourth civil case Plaintiff has initiated in the District of New Mexico which asserts a privacy claim against Facebook and/or Mark Zuckerberg. *See Sekiya v. Facebook*, No. 16cv1368 KG/SCY; *Sekiya v. Zuckerberg*, No. 17cv283 JCH/KK; and *Sekiya v. FBI*, No. 17cv531 MCA/LF (Defendants include both Facebook and Mark Zuckerber). The complaints in the previous three cases, like this case, failed to state a claim on which relief may be granted. The Court dismissed the complaints in each of the previous three cases and granted Plaintiff leave to file an amended complaint. In each of the three previous cases Plaintiff failed to timely file an amended complaint. The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such cases.

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff.

Plaintiff will be enjoined from making further filings in this case except objections to this

order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to return without filing any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless:

    1. a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing; or

    2. the Plaintiff has obtained permission to proceed *pro se* in this action in accordance with the procedures for new pleadings set forth below.

    Plaintiff also will be enjoined from initiating further litigation in this Court, and the Clerk will be directed to return without filing any initial pleading that he submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994). To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

    1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

    2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Plaintiff's knowledge, his claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that he will comply with all Federal Rules of Civil Procedure

and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have previously been raised or the defendants have previously been sued, the affidavit must certify that the proposed new suit does not present the same claims that this or other court has decided and explain why the new suit would not be an abuse of the system;

      3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 5 in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**Opportunity to Be Heard**

      Plaintiff is ordered to show cause within fourteen (14) days from the date of this order why this court should not enter the proposed filing restrictions. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. Absent a timely response to this Order to Show Cause, the proposed filing restrictions will enter fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff does file a timely response, the proposed filing restrictions will not enter unless the Court so orders, after it has considered the

response and ruled on Plaintiff's objections.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed September 14, 2017, is **GRANTED.**

(ii) Plaintiff's Complaint, Doc. 1, filed September 14, 2017, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 14 days of entry of this Order; and

(iii) within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

_____
**UNITED STATES DISTRICT JUDGE**